**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**A. T., A MINOR, BY HER GUARDIAN
RUBY GIVENS**                                                                                               **PLAINTIFF**

**V.**                                                              **CIVIL ACTION NO. 4:09-CV-128-SA-DAS**

**LEFLORE COUNTY SCHOOL DISTRICT**                                                    **DEFENDANT**

### MEMORANDUM OPINION

Currently before the Court is Defendant's Motion to Dismiss [3]. For the reasons stated below, the motion is granted.

Plaintiff filed this action in the Circuit Court of Leflore County, Mississippi, and Defendants removed it to this Court on December 2, 2009. Defendant filed its Motion to Dismiss on December 4, 2009. Plaintiff filed her first motion for an extension of time in which to file a response on January 8, 2010 - over two weeks after her deadline to respond had passed. The Court granted Plaintiff's request for an extension and set February 8, 2010, as Plaintiff's response deadline. On February 3, 2010, Plaintiff requested a second extension, which the Court granted. Plaintiff's response deadline was March 8, 2010, but Plaintiff has not filed a response or requested another extension. Therefore, Defendant's Motion to Dismiss is ripe for review.

In considering a motion under Rule 12(b)(6), the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004). To defeat a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); see also Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009).

Plaintiff alleges that Defendant violated the Individuals with Disabilities Education Act (IDEA). The IDEA requires each state to establish and maintain administrative procedures "to ensure that children with disabilities and their parents are guaranteed procedural safeguard with repsect to the provision of a free appropriate public education by such agencies." 20 U.S.C. § 1415(a). To satisfy the IDEA's requirements, Mississippi has established procedures for "state-level impartial due process hearing[s]." MISS. CODE. ANN. § 37-23-143(1). Before a plaintiff may bring an action alleging a violation of the IDEA, she must exhaust her administrative remedies. Thomas v. Conroe Indep. Sch. Dist., 83 Fed. Appx. 663, 664 (5th Cir. 2003) (per curiam) (citing 20 U.S.C. § 1415(l); Gardner v. School Bd. Caddo Parish, 958 F.2d 108, 112 (5th Cir. 1992)).

Plantiff's Complaint does not allege sufficient facts to show that she has exhausted her administrative remedies, and Plaintiff has not offered any evidence or argument that exhaustion would be futile or inadequate. "[A] complaint arising under the IDEA is not a justiciable controversy until the Plaintiffs have exhausted their administrative remedies under the IDEA or proved that exhaustion would be futile or inadequate." Newsome v. Miss. High Sch. Activities Ass'n, 2008 U.S. Dist. LEXIS 53094, *4 (N.D. Miss. July 8, 2008) (citing Marc v. North East Ind. Sch. Dist., 455 F. Supp. 2d 577, 591-92 (W.D. Tex. 2006); Gardner, 958 F.2d at 112) (punctuation omitted). Accordingly, this Court is without jurisdiction to determine the merits of Plaintiff's case.

Defendant's Motion to Dismiss is granted, and this case is dismissed without prejudice. An order consistent with this opinion shall be entered on this, the 14th day of April, 2010.

                                                     **/s/ Sharion Aycock**
                                                     **UNITED STATES DISTRICT JUDGE**