**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

A. T., A MINOR, BY HER GUARDIAN
RUBY GIVENS                                                                                          PLAINTIFF

V.                                                                  CIVIL ACTION NO. 4:09-CV-128-SA-DAS

LEFLORE COUNTY SCHOOL DISTRICT                                             DEFENDANT

## MEMORANDUM OPINION

Currently before the Court is Plaintiff's Motion for Reconsideration [10]. For the reasons stated below, the motion is denied.

## I. BACKGROUND

Plaintiff initiated this action in the Circuit Court of Leflore County, Mississippi, on September 17, 2009, alleging that Defendants violated the Individuals with Disabilities Education Act (IDEA). Defendants removed to this Court on December 2, 2009, and filed their Motion to Dismiss on December 4, 2009.

Plaintiff filed her first motion for an extension of time in which to file a response on January 8, 2010 - over two weeks after her deadline to respond had passed.[1] The Court granted Plaintiff's request for an extension and set February 8, 2010, as Plaintiff's response deadline. On February 3, 2010, Plaintiff requested a second extension, which the Court granted. Plaintiff's response deadline was March 8, 2010, but Plaintiff did not file a response or request further extension of the deadline.

On April 14, 2010, the Court granted Defendant's Motion to Dismiss on the basis of Plaintiff's failure to either allege sufficient facts to show that she had exhausted her administrative remedies or to offer evidence that exhaustion would be futile or inadequate. A. T. v. Leflore County

---

[1] See L.U.Civ.R. 7(b)(4); FED. R. CIV. P. (6)(a)(1), 6(d).

Sch. Dist., 2010 U.S. Dist. LEXIS 36828, *3 (N.D. Miss. Apr. 14, 2010). Plaintiff promptly filed a Motion for Reconsideration, which the Court now addresses.

## II. DISCUSSION

The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration, but the Fifth Circuit Court of Appeals has held that a district court may entertain such a motion and treat it as a motion to alter or amend under Rule 59(e) or as a motion for relief from judgment under Rule 60(b). Shepherd v. Int'l Paper Co., 372 F.3d 326, 328 n. 1 (5th Cir. 2004); Ellis v. Miss. Dep't of Health, 2009 U.S. Dist. LEXIS 11441, *2 (N.D. Miss. Feb. 5, 2009), affirmed, 344 Fed. Appx. 43 (5th Cir. 2009); Williamson Pounders Architects, P.C. v. Tunica County, 2008 U.S. Dist. LEXIS 55145, *2 (N.D. Miss. July 21, 2008), affirmed, 2010 U.S. App. LEXIS 2738, *2 (5th Cir. Feb. 9, 2010). "If the motion for reconsideration is filed and served within ten days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion." Shepherd, 372 F.3d at 328 n.1.

The Court entered its order on Defendant's Motion to Dismiss on April 14, 2010. Plaintiffs filed their Motion for Reconsideration on April 16, 2010, within ten days of the Court's order. Therefore, the Court will treat it as a Rule 59(e) motion. See Id.; FED. R. CIV. P. 6(a)(1).

Federal Rule of Civil Procedure 59(e) grants the Court the power to alter or amend its judgment. FED. R. CIV. P. 59(e). Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence and is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Knight v. Kellogg Brown & Root Inc., 333 Fed. Appx. 1, 8 (5th Cir. 2009) (citing Templet v. HydroChem Inc., 367 F.3d 473, 478-79 (5th Cir. 2004)) (punctuation

2

omitted); see also Nationalist Movement v. Town of Jena, 321 Fed. Appx. 359, 364 (5th Cir. 2009) ("Motions for reconsideration should not be used to raise arguments that could have been made before the entry of judgment or to re-urge matters that have already been advanced by a party.") (citing Waltman v. Int'l Paper Co., 875 F.2d 468, 473-74 (5th Cir. 1989)).

The federal courts of this state recognize three potential grounds for the Court to alter or amend a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." Williamson Pounders Architects, P.C., 2008 U.S. Dist. LEXIS 87680 at *4; see also Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990). This Court has considerable discretion in deciding whether to grant a motion for reconsideration. Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993). Granting a motion for reconsideration, however, is "an extraordinary remedy and should be used sparingly." In re Pequeno, 240 Fed. Appx. 634, 636 (5th Cir. 2007) (citations omitted).

Plaintiff has not cited any intervening change in controlling law or new evidence not previously unavailable. Rather, Plaintiff argues that the Court should set aside its Order dismissing this case on the basis of Plaintiff's counsel's severe medical problems. Plaintiff's counsel was hospitalized on several occasions: from December 24, 2009, through December 29, 2009; on February 2, 2010; and from February 20, 2010, through March 17, 2010. Plaintiff's counsel then received home health care, and he was able to return to work in his office on April 8, 2010, albeit only for one or two hours each day.

The Court is certainly sympathetic to Plaintiff's counsel's medical problems. However, Plaintiff has still not provided any evidence or argument relevant to the basis of the Court's decision

to dismiss this case: Plaintiff's failure to plead sufficient facts to show that she had exhausted her administrative remedies as required by the IDEA or to show that exhaustion would be inadequate or futile. See Thomas v. Conroe Indep. Sch. Dist., 83 Fed. Appx. 663, 664 (5th Cir. 2003) (per curiam) (citing 20 U.S.C. § 1415(l); Gardner v. School Bd. Caddo Parish, 958 F.2d 108, 112 (5th Cir. 1992)). "[A] complaint arising under the IDEA is not a justiciable controversy until the Plaintiffs have exhausted their administrative remedies under the IDEA or proved that exhaustion would be futile or inadequate." Newsome v. Miss. High Sch. Activities Ass'n, 2008 U.S. Dist. LEXIS 53094, *4 (N.D. Miss. July 8, 2008) (citing Marc v. North East Ind. Sch. Dist., 455 F. Supp. 2d 577, 591-92 (W.D. Tex. 2006); Gardner, 958 F.2d at 112) (punctuation omitted).

Plaintiff essentially argues that the Court must provide her with another chance to respond to the Motion to Dismiss in order to prevent manifest injustice. However, Defendants filed the Motion to Dismiss on December 4, 2009. Therefore, Plaintiff missed her first deadline for response before her counsel was hospitalized on December 24, 2009. See L.U.Civ.R. 7(b)(4); FED. R. CIV. P. (6)(a)(1), 6(d). Plaintiff has not offered any explanation for her failure to respond or seek an extension of time during this time period before her counsel was hospitalized.

The Court's discretion to reopen this case is not boundless. "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Templet, 367 F.3d at 479. Plaintiff has not shown any way in which the Court's dismissal of her case was premised upon a manifest error in law or fact. Further, Plaintiff has not presented any new evidence previously unavailable to her that is relevant to the issues presented by Defendant's Motion to Dismiss. Finally, Plaintiff has not shown any way in which the Court's decision was manifestly unjust, given Plaintiff's complete failure to respond to the motion or to seek

4

further extension. Indeed, Plaintiff could have used the present motion to attempt to present the Court with evidence or argument on the issue of exhaustion, but Plaintiff chose not to do so. Accordingly, the Court denies Plaintiff's Motion for Reconsideration.[2]

### III. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Reconsideration is denied. An order consistent with this opinion shall be entered on this, the 11th day of May, 2010.

                                              **/s/ Sharion Aycock**
                                              **UNITED STATES DISTRICT JUDGE**

---

[2] See Templet, 367 F.3d at 483 (citing Boughner v. Secretary of HEW, 572 F.2d 976, 977 (3rd Cir. 1978); Lavespere v. Niagara Mach. & Tool Works, 910 F.2d 167, 173 (5th Cir. 1990)); Knapp v. Dow Corning Corp., 941 F.2d 1336, 1338 (5th Cir. 1991) (citing Lavespere, 910 F.2d at 173); Lavespere, 910 F.2d at 173; Great Lakes Reinsurance (UK), PLC v. Durham Auctions, Inc., 2008 U.S. Dist. LEXIS 77883, *4 (S.D. Miss. June 16, 2008).